UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

ASHLEY BODDEN, individually and as
Personal Representative of the Estate of
Franklin Raymond Bodden,

    Plaintiff,

vs.     Case No. 3:11-cv-127-J-20MCR

DEPUTY ERNEST COLE, individually, DAVID
BRIGHT, II, individually, TOMMY
SEAGRAVES, in his official capacity as Sheriff
of the Nassau County Sheriff's Office,

    Defendants.
_____/

# O R D E R

**THIS CAUSE** is before the Court on Defendants' Motions to Strike Plaintiff's Untimely Disclosed Expert Witness and Opinions (Docs. 11, 12) filed December 14, 2011 and December 27, 2011. Plaintiff filed its Response in Opposition to Defendants' Motions on January 3, 2012. (Doc. 13). Accordingly, this matter is now ripe for judicial review.

**I.    BACKGROUND**

The Complaint in this action was filed on February 11, 2011. (Doc. 1). On April 1, 2011, the parties filed their Case Management Report. (Doc. 5). In the Case Management Report, the parties proposed Plaintiff's expert disclosure deadline to be July 22, 2011. (Doc. 5, pp. 2, 4).

-1-

On April 22, 2011, the Court entered its Case Management and Scheduling Order ("Scheduling Order"). (Doc. 6). In the Scheduling Order, the Court set a discovery deadline of October 14, 2011. (Doc. 6, p. 1). However, the Scheduling Order did not set forth expert disclosure deadlines.

On October 14, 2011, Plaintiff moved to continue the trial date and extend the deadlines set forth in the Scheduling Order. (Doc. 8). On November 2, 2011, the Court granted Plaintiff's Motion and extended the discovery deadline to December 16, 2011.[1] (Doc. 10). On December 9, 2011 and December 16, 2011, Plaintiff served her Rule 26(a)(2) expert disclosures of Chuck Drago and Thomas J. Sobolewski. (Docs. 11-1, 12-1). On December 14, 2011 and December 27, 2011, Defendants filed the instant motions seeking to strike Plaintiff's expert disclosures as untimely. (Docs. 11, 12).

## II. ANALYSIS

Federal Rule of Civil Procedure 26(a)(2)(A) provides that "a party must disclose to the other parties the identity of any witnesses it may use at trial to present evidence under Federal Rule of Evidence 702, 703, or 705." Fed. R. Civ. P. 26(a)(2)(A). This disclosure must include a "written report-prepared and signed by the witness-if the witness is one retained or specially employed to provide expert testimony in the case or one whose duties as the party's employee regularly involve giving expert testimony." Fed. R. Civ. P. 26(a)(2)(B). These disclosures must be made "at the times and in the

---

[1] Additionally, the Court extended the summary judgment deadline to January 27, 2012, the pretrial conference date to May 23, 2012, and the trial date to July 2, 2012. Expert disclosure deadlines were not mentioned. (Doc. 10).

sequence that the court orders [] [or] absent a stipulation or court order ... at least 90 days before the date set for trial[.]" Fed. R. Civ. P. 26(a)(2)(D)(I).

Federal Rule of Civil Procedure 37 states that [i]f a party fails to provide the information required by Rule 26, "the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1). Substantial justification is "justification to a degree that could satisfy a reasonable person that parties could differ as to whether the party was required to comply with the disclosure request." Hewitt v. Liberty Mut. Group, Inc., 268 F.R.D. 681, 682. (M.D. Fla. 2010). A failure to timely make the required disclosures is harmless when there is no prejudice to the party entitled to receive disclosure. Id. at 683. The party failing to comply with Rule 26(a) bears the burden of establishing that its nondisclosure was either substantially justified or harmless. Id.

The Scheduling Order in the instant case does not specifically address the time for the disclosures of expert testimony. See (Docs. 6, 10). Therefore, the general provisions of Federal Rule of Civil Procedure 26(a)(2)(D) apply. McMahon v. Presidential Airways, Inc., 2009 WL 2151316, *1 (M.D. Fla. 2009).[2] Under Rule

---

[2]In McMahon, the defendants filed a motion to strike the plaintiffs' rebuttal expert to preclude the rebuttal expert testifying at trial and argued that the disclosure was untimely. 2009 WL 2151316 at *1. The scheduling order, similar to the Scheduling Order in the instant case, did not address the disclosure of expert rebuttal testimony. Id. The court held that because it did not specifically order any deadlines for the disclosure of rebuttal witnesses, the general provision of then Rule 26(a)(2)(C) applied (this provision is currently numbered 26(a)(2)(D). Id. Because the plaintiffs served their rebuttal disclosure within the 30 day time frame set forth under Rule 26(a)(2)(C)(ii), the disclosure of the witness was timely and the court therefore denied the defendants' motion to strike the expert.

26(a)(2)(D)(i), an expert disclosure is timely if it is made "at least 90 days before the date set for trial or for the case to be ready for trial[.]". Here, Plaintiff's expert disclosures were made well in excess of 90 days before the scheduled trial date of July 2, 2012. Therefore, Plaintiff's disclosures of Mr. Drago and Mr. Sobolewski as expert witnesses are timely pursuant to Rule 26(a)(2)(D)(i).[3]

The Court recognizes Defendants' argument there was an expert disclosure stipulation made by the parties in the Case Management Report wherein the parties proposed Plaintiff's expert disclosure deadline to be July 22, 2011. See (Doc. 11, p. 8). However, Rule 26(f) requires that the parties develop a discovery plan and submit it to the Court. Fed. R. Civ. P. 26(f). Thereafter, the Court, pursuant to Rule 16, reviews the discovery plan report and issues its own scheduling order. See Fed. R. Civ. P. 16(b)(1)(A). The rules therefore contemplate that the Court's Rule 16 scheduling order controls over the proposals of the parties in their Rule 26(f) report.

Even assuming *arguendo* that Plaintiff's expert disclosures were untimely, such alleged untimely disclosures are substantially justified and harmless. Plaintiff's alleged untimely disclosures are substantially justified for the above-stated reasons. Additionally, Plaintiff's alleged untimely disclosures are harmless because Defendant will not suffer any prejudice as trial is not scheduled until July 2, 2012, and the Court will

---

[3]The Court further notes that the 1993 Advisory Committee's Notes to Federal Rule of Civil Procedure 26(a)(2) state that "normally the court should prescribe a time for these [expert] disclosures in a scheduling order under Rule 16(b). ..." The Advisory Committee's Notes go on to state that "[i]n the absence of such direction, the disclosures are to be made" in accordance with the timeline dictated by the Rule. Fed. R. Civ. P. 26(a), 1993 Advisory Committee's Note; see also Smith v. Jacobs Engineering Group, Inc., 2008 WL 5351047, *1 (N.D. Fla. 2008) (where court's order did not speak of the timing of disclosures for experts, the provisions of the federal rule apply).

reopen discovery for this limited purpose. See Hewitt, 268 F.R.D. at 683 (holding that failure to make timely required disclosures is harmless when there is no prejudice to the party entitled to receive the disclosure).

## III. CONCLUSION

The Court finds that Plaintiff's expert disclosures are timely pursuant the Federal Rules of Civil Procedure. Even assuming *arguendo* that the disclosures were untimely, such alleged untimely disclosures are substantially justified and harmless. Accordingly, after due consideration, it is

**ORDERED:**

1. Defendants' Motions to Strike Plaintiff's Untimely Disclosed Expert Witness and Opinions (Docs. 11, 12) are **DENIED.**

2. The Discovery Deadline is extended until **Friday, February 3, 2012** for the limited purpose of taking discovery from Mr. Drago and Mr. Sobolewski.

**DONE AND ORDERED** in Chambers in Jacksonville, Florida this  6th  day of January, 2012.

*Monte C. Richardson*
MONTE C. RICHARDSON
UNITED STATES MAGISTRATE JUDGE

Copies to:

Counsel of Record